23-6193
*United States v. Sansone*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GUIDO CALABRESI,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

      *Appellee*,

    v.                        23-6193

MARCELLO SANSONE,

      *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Nicholas W. Chiuchiolo, Marguerite B. Colson, Daniel G. Nessim, and Jacob R. Fiddelman, Assistant United States Attorneys, *on behalf of* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant: | Elizabeth M. Johnson, Law Offices of Elizabeth M. Johnson, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Marcello Sansone appeals the judgment entered February 23, 2023, in the United States District Court for the Southern District of New York (Rakoff, *J.*). Sansone pled guilty to one count of conspiring to distribute oxycodone outside the scope of professional practice and without a medical purpose, in violation of 21 U.S.C. §§ 846 and 841(b). The district court sentenced Sansone principally to 120 months' imprisonment, to be followed by three years' supervised release. On appeal, Sansone argues that the district court erred by allowing an individual who was not a statutory "victim" as defined by the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA") to speak at his sentencing. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal to which we refer only as necessary to explain our decision to **AFFIRM**.

Sansone was a patient of Dr. Howard Adelglass who, through his pain management clinic, wrote thousands of medically unnecessary prescriptions for large quantities of oxycodone in exchange for cash. Sansone initially served as a "gatekeeper" patient who referred other drug addicts and dealers to Adelglass's clinic. In October 2018, Sansone took over as the clinic's office manager and gained control of the

2

prescribing physician's patient schedule. Sansone used his position to extort sexual acts and nude photographs from female patients who were addicted to oxycodone, threatening to cut off access to the clinic if they refused to comply.

Judge Rakoff granted the government's request to permit one of the women Sansone extorted, Victim-1, to address the district court at Sansone's sentencing. Sansone did not object. On appeal, Sansone argues that the district court erred because the CVRA only creates a statutory right for those "directly and proximately harmed as a result of the commission of a Federal offense" to speak at sentencing. 18 U.S.C. § 3771(e)(2)(A). Sansone contends that the harm Victim-1 suffered (being coerced into unwanted sexual contact) was not a direct and proximate result of Sansone's crime of conviction (conspiracy to distribute oxycodone) and therefore she was not authorized by the CVRA to address the sentencing court. We disagree.

Assuming *arguendo* that Victim-1 does not qualify as a statutory crime victim, the district court did not err in permitting her to speak during the sentencing hearing. While the CVRA provides certain victims with a statutory *right* to speak, it does not impose limits on who the district court *may* allow to speak. "[D]istrict courts have broad discretion both as to the type of information they may consider in imposing sentence and the source from which that information derives." *See United States v. Smith*, 967 F.3d 198, 216 (2d Cir. 2020) (quoting *United States v. Messina*, 806 F.3d 55, 65 (2d Cir. 2015)). In passing the CVRA, Congress "has not placed arbitrary limits on what information a

3

district court may consider at sentencing." *Id.* at 215. Victim-1's testimony about the damaging effects of Sansone's conduct was relevant to the district court's consideration of the statutory purposes of sentencing and Sansone had a fair opportunity to respond in his remarks to the district court. We therefore find no error.

\* \* \*

We have considered Sansone's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4